*E-FILED - 8/14/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIAS HERNANDEZ-MORALES, | ) | No. C 09-2212 RMW (PR) |
| Petitioner, | ) | ORDER OF TRANSFER |
| vs. | ) | |
| MANUEL PACHECO, | ) | |
| Respondent. | ) | |

    Petitioner, a Texas prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, this court will TRANSFER the instant petition.

    Petitioner filed a wholly unintelligible petition. Petitioner appears to be challenging an order revoking supervised release, however, there are no underlying facts to support any potential claims. Further, petitioner is currently housed at Val Verde Correctional Facility in Del Rio, Texas. Even assuming this court has subject matter jurisdiction, it lacks personal jurisdiction. Because petitioner appears to be challenging some custody determination for which he is incarcerated in Texas, the proper respondent is the warden of the prison in Texas where he is incarcerated. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This court cannot obtain personal jurisdiction of petitioner's Texas custodian. See Braden v. 30th Judicial Circuit Court,

1    410 U.S. 484, 495 (1973). Habeas jurisdiction does not extend to custodians outside the court's
2    territorial limits. See Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999).
3         Accordingly, this case will be transferred to the United States District Court for the
4    Western District of Texas, a district that has personal jurisdiction over petitioner's respondent,
5    and where the petition "might have been brought." See 28 U.S.C. § 1404.
6         IT IS SO ORDERED.
7    DATED:   8/12/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Transfer
P:\PRO-SE\SJ.Rmw\HC.09\Hernandez-Morales212trans.wpd          2